UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

UNITED STATES OF AMERICA

        V.                                                18 CR 802-04 (CM)

JACINTO GARCIA,

        Defendant.

———————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2020

### DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE

McMahon, C.J.:

Jacinto Garcia was charged with participating in a conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. The charges arose from the defendant's membership in a drug trafficking organization engaged in the sale of street level amounts of heroin out of a building located in upper Manhattan. (PSR ¶ 9).

On June 4, 2019, Garcia pleaded guilty to the lesser included offense of participating in a conspiracy involving the distribution of 100 grams and more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

On September 12, 2019, the Court sentence defendant to 72 months' imprisonment. (Sentencing Tr. 13:17-14:11).

Garcia is currently serving his sentence in the low security federal correctional facility at Fort Dix, New Jersey. According to BOP records, he has completed approximately 25% of his 72 months sentence and has a projected release date of January 28, 2024.

On April 30, 2020, Garcia filed an emergency motion for compassionate release asking the Court to allow him to serve the remainder of his sentence in home confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Garcia argued that he should be released because he is at a high risk for infection of COVID-19 based on his "age, asthma, high blood pressure, high cholesterol, partially clogged artery in his heart and his diminished lung capacity from his bout with cancer." (Def. Br. at 2). He claims that these medical conditions provide "extraordinary and compelling" reasons warranting compassionate release, as that term is defined by Application Note 1(A) to U.S.S.G. § 1B1.13. (Def. Br. at 3-4).

The Government opposes Garcia's motion arguing that (1) it is premature because he has failed to exhaust his administrative remedies with the BOP, as required by statute, and (2) even if he were deemed to have exhausted, he has failed to demonstrate an extraordinary and compelling reason justifying compassionate release.

On June 13, 2020, the Court denied Garcia's compassionate release motion: (1) finding that he had exhausted his administrative remedies with the Bureau of Prisons; (2) acknowledging that he was not in best of health, and was at an increased risk of suffering a negative outcome if he were to contract COVID-19, (3) observing that prison officials and the staff at FCI Fort Dix were providing Garcia with arguably better medical care than he had received in years, and that prison officials at Fort Dix had been successful in mitigating against a COVID-19 outbreak at

that facility; and (4) concluding that the sentencing factors set forth at 18 USC § 3553(a) counseled against his release.[1]

On August 20, 2020, Garcia filed (*pro se*) a renewed motion for compassionate release. In the instant motion, Garcia does not claim that his existing maladies have become progressively worse or that any new issues have arisen that adversely affect his health. The only health related claim Garcia makes is the same argument he advanced in his April Motion. In other words, Garcia offers nothing new in the form of extraordinary and compelling reasons why the Court should reconsider its determination from only four months ago.

Regarding the state of COVID-19 at FCI Fort Dix, a check today of the Bureau of Prisons COVID-19 Coronavirus Dashboard shows no current COVID-19 cases at that facility.

Garcia's renewed motion for compassionate release is denied

Dated: September 16, 2020

Colleen McMahon
Chief Judge

BY ECF TO ALL PARTIES

---

[1] The readers familiarity with the Court's June 12, 2020 decision is presumed.

3